IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN G.,[1] ) <br> ) <br>       **Plaintiff,** ) <br> ) <br>    v. ) <br> ) <br> **COMMISSIONER OF SOCIAL** ) <br> **SECURITY,** ) <br> ) <br>       **Defendant.** ) <br> ) | No. 23 C 2092 <br><br> Magistrate Judge <br> Maria Valdez |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Kathleen G.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse and remand the Commissioner's decision [Doc. No. 16] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

# BACKGROUND

## I. PROCEDURAL HISTORY

On February 19, 2020, Plaintiff filed a claim for DIB, alleging disability since March 31, 2019. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on January 26, 2022, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On June 20, 2022, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of March 31, 2019. At step two, the ALJ concluded that Plaintiff had the following severe impairments: obesity; fibromyalgia; degenerative disc disease of the cervical spine and lumbar spine; chronic obstructive pulmonary disease (COPD); and tobacco use disorder. The ALJ

concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: can occasionally climb ramps and stairs, but never ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; can frequently reach in all directions including overhead with both upper extremities; can frequently handle, finger, and feel with both upper extremities; and can tolerate occasional exposure to and can occasionally work around vibration, fumes, gases, and other pulmonary irritants and hazards such as moving machinery or unprotected heights. At step four, the ALJ determined that Plaintiff is capable of performing her past relevant work as a radiographer and fast-food services manager. Accordingly, the ALJ concluded that Plaintiff is not disabled under the Social Security Act.

## DISCUSSION

### I.  ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff

3

presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even

4

in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful

5

appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff's single argument for remand boils down to her assertion that the ALJ erred because she (1) found at step two that Plaintiff had mild limitations in two areas of mental functioning, but (2) did not sufficiently account for the mild limitations in the RFC assessment or related analysis. The Court finds Plaintiff's contention in that regard unavailing.

Pertinent to Plaintiff's argument, the ALJ determined that Plaintiff's "medically determinable mental impairment of depression does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore nonsevere." (R. 16.) In assessing the four areas of mental functioning (the "paragraph B" criteria), the ALJ noted that "mental status exams

6

performed by the claimant's treatment providers consistently showed no cognitive or memory deficits and the claimant's psychiatric consultative exam in August 2020 showed no memory or cognitive abnormalities." (*Id.*) The ALJ did however find that Plaintiff had a mild limitation in the mental functional area of concentration, persistence, or pace. The ALJ reasoned as follows in determining that Plaintiff was not more than mildly limited in that functional area:

> The third functional area is concentrating, persisting or maintaining pace. In this area, the claimant has mild limitation. In her function report, the claimant indicated that she did not always finish things that she started and that she could pay attention for a couple of hours at a time or more. During her hearing, the claimant reported that she used Facebook without any issues and that she also spent time doing puzzles and other activities with her grandchildren without any issues. In addition, none of the claimant's treatment providers noted that the claimant had any [difficulty] concentrating or maintaining her attention during appointments. In addition, the claimant's consultative psychiatric exam showed no attention or concentration deficits in August 2020. I find the record is consistent with the conclusion that the claimant's depression causes a mild limitation in concentrating, persisting or maintaining pace.

(*Id.* at 17 (citations omitted).)

The ALJ also found that Plaintiff had a mild limitation in the mental functional area of adapting or managing oneself. The ALJ reasoned as follows in determining that Plaintiff was not more than mildly limited in that functional area:

> The fourth functional area is adapting or managing oneself. In this area, the claimant has mild limitation. During her hearing, the claimant testified that she provided care for her three grandchildren who lived with her and her husband. She also testified that she did most of the household cooking and that her husband did more of the other household chores. In her function report, the claimant indicated that alleged physical issues caused difficulty caring for her personal needs and that she did some cleaning and gardening as well as meal preparation. She also reported that she shopped in stores, she had no issues handling money and that she could manage bills. She also reported that she had

7

> no issues handling changes in her routine and that stress aggravated her physical conditions, however, none of the treatment notes in the record after her alleged onset date indicate that she had any issues handling stress or that she was in distress during appointments due to stress. I find the record is consistent with the conclusion that the claimant's depression causes a mild limitation in adapting or managing oneself.

(*Id.* (citations omitted).)

Despite Plaintiff's protestations, the Court finds that the ALJ's RFC assessment sufficiently considered and accounted for Plaintiff's mild mental limitations. Indeed, the ALJ noted throughout her RFC analysis that "no mental status abnormalities were present on exam[s]." (*Id.* at 20, 22-25.) Furthermore, in analyzing Plaintiff's RFC and finding persuasive the opinions of the State agency psychological consultants (who found that Plaintiff's mental impairments were nonsevere), the ALJ reasoned that:

> While the medical record indicates that the claimant was diagnosed with a mood disorder during a consultative exam in August 2020, that exam showed no cognitive, memory, thought process or concentration deficits and the exams performed by the claimant's other treatment providers consistently showed no mental status abnormalities. In addition, there is no indication that the claimant sought or received any treatment through a mental health professional after her alleged onset date in the record.

(*Id.* at 26-27 (citations omitted).)

In light of the explicit analyses set forth by the ALJ, the Court can sufficiently trace the ALJ's reasoning for not including mental limitations in the RFC. *See Cindy P. v. Kijakazi*, No. 20 C 6708, 2022 WL 2802328, at *4 (N.D. Ill. July 18, 2022) ("[C]ourts will affirm an ALJ's decision not to accommodate mild mental limitations in the residual functional capacity where the court can

8

sufficiently trace the ALJ's reasoning for declining to include such limitations."). Furthermore, the fact that much of the ALJ's reasoning appears at step two is of little consequence, as "courts view the ALJ's opinion as a whole, applying a 'common-sense reading to the entirety of an ALJ's decision.'" *Alethea T. v. Kijakazi*, No. 21 C 2167, 2023 WL 8091645, at *6 (N.D. Ill. Nov. 21, 2023) (citation omitted); *see also Donna J. v. Saul*, No. 19 C 2957, 2021 WL 2206160, at *3 (N.D. Ill. June 1, 2021). ("When reading the ALJ's decision as a whole, the extensive discussion at step two of Plaintiff's mental health treatment records as well as her functional abilities is sufficient to trace the ALJ's reasoning for declining to include mental limitations in the RFC finding.") (citations omitted). Additionally, the Court also finds that Plaintiff has not met her burden of establishing that her mild mental limitations required any specific accommodations in the RFC. *See Wentz v. Colvin*, No. 13 C 8903, 2015 WL 6859253, at *12 (N.D. Ill. Nov. 9, 2015) ("Plaintiff argues that the ALJ should have incorporated her mild mental limitations into the RFC. However, a mild, or even a moderate, limitation in an area of mental functioning does not prevent an individual from functioning satisfactorily. And Plaintiff has not identified any medical evidence that demonstrates how her mental impairment limits her ability to work.") (citation and internal quotations omitted); *Martin P. v. Kijakazi*, No. 22 C 3038, 2023 WL 3258526, at *4 (N.D. Ill. May 4, 2023) ("[T]he Court concludes that Plaintiff has not demonstrated that his mild mental limitations coupled with his physical impairments required corresponding restrictions in the RFC. Correspondingly, the Court finds that the ALJ sufficiently

9

considered whether mental limitations arising from Plaintiff's non-severe mental impairments were warranted."). Ultimately, the Court finds no errors in the ALJ's consideration of Plaintiff's mild mental limitations that would require remand.

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion to reverse and remand the Commissioner's decision [Doc. No. 16] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 21] is granted.

**SO ORDERED.**            **ENTERED:**

*[signature: Maria Valdez]*

**DATE:**    **December 1, 2023**            _____
                                                                  **HON. MARIA VALDEZ**
                                                                  **United States Magistrate Judge**